IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICHAEL KENNEDY LOUIS,** ) | |
| **ID # 13009922,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:13-CV-2308-L-BH |
| ) | |
| **LIBERTY TAX SERVICES,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, plaintiff's complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Michael Kennedy Louis (Plaintiff), an inmate at the Dallas County Jail, sues Liberty Tax Services, a tax preparer located in Dallas, Texas, under 42 U.S.C. § 1983. He asserts that he hired the defendant to prepare his tax return in February of 2013, and that after he was incarcerated, the defendant released his income tax return check to another person without his consent. (Pet. at 3-4; Magistrate Judge's Questionnaire "MJQ" Ans. 1). Plaintiff seeks monetary compensation and to have criminal charges brought against the woman who took his check and the cashier at the store that cashed the check. (MJQ Ans 1). No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). § 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.  Criminal Charges**

Plaintiff seeks to have criminal charges brought against two individuals. However, there is

no constitutional right to have someone criminally prosecuted, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007). Plaintiff has therefore failed to state a claim with respect to these to individuals upon which relief may be granted.

### B. Claim against Non-State Actor

Plaintiff sues Liberty Tax Services for giving his income tax return to an unauthorized person.

In order to allege a viable claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. at 155; *Cornish v. Corr. Servs. Corp.*, 402 F.3d at 549. "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Plaintiff asserts that Liberty Tax Services should be considered a state actor because it is licensed by the State of Texas to prepare federal tax returns. (MJQ Ans. 2). Both the Supreme Court and the Fifth Circuit have recognized three tests used by courts to determine whether a private party is acting under color of state law: the public function test, the state compulsion test, and the joint action or nexus test. *Lugar v. Edmondson Oil Co.* 457 U.S. at 939; *Bass v. Parkwood Hospital*, 180 F.3d 234, 241-42 (5th Cir. 1999). Under the public function test, a private entity may be considered a state actor if it performs a function that is traditionally "the exclusive province of the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 2009), *overruled on other grounds by Arana v. Ochsner*

*Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc).  Under the state compulsion test, a state will be held responsible for a private decision only when it has exercised coercive power or provided such encouragement such that the choice is deemed to be a choice of the state.  *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).  The fact that a business is subject to state regulation does not alone convert its action into state action, however.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. at 52, *citing Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974).  Finally, "[u]nder the nexus or joint action test, state action may be found where the government has 'so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise.'"  *Bass*, 180 F.3d at 242, *citing Jackson*, 419 U.S. at 357-58.

Here, the mere fact that the defendant may be subject to state regulation does not convert its actions into state action.  Plaintiff has not alleged any facts to support a finding that the defendant was a state actor or that it engaged in anything but private conduct.  He has therefore failed to state a viable claim under § 1983 against the defendant, and his complaint should be dismissed.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

**SIGNED this 9th day of September, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE